IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRENDA JOHNSON, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | NO. 2:17-cv-116-JRG-RSP |
| | § | |
| CITY OF TYLER, TEXAS | § | |
| *Defendant* | § | |

## **DEFENDANT'S ORIGINAL ANSWER**

Defendant, City of Tyler, Texas (the "City"), files this answer in response to the complaint of Plaintiff, Brenda Johnson ("Johnson"). The paragraphs below correspond to the same numbered paragraphs in Johnson's complaint.

1. The City admits the Court has jurisdiction.

2. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

3. The City admits the allegations in paragraph 3 of the complaint regarding the residency of Johnson.

4. The City denies the allegations in paragraph 4 of the complaint.

5. The City admits it is a governmental entity with an address of 212 South Bonner, Tyler, Texas.

6. The City admits the allegations in paragraph 6 of the complaint.

7. The City admits the allegations in paragraph 7 of the complaint.

8. The City admits the allegations in paragraph 8 of the complaint.

9. The City denies the allegation in paragraph 9 of the complaint, except that Johnson was employed by the City of Tyler from 1992 to 2016.

10. The City denies the allegation in paragraph 10 of the complaint, except that Johnson disclosed her lupus condition to her employer.

11. The City denies the allegation in paragraph 11 of the complaint, except that Johnson requested that she be allowed to work from home.

12. The City admits that Susan Guthrie was her key leader. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 of the complaint, which are denied.

13. The City denies the allegation in paragraph 13 of the complaint, except that Johnson received a new job assignment.

14. The City denies the allegation in paragraph 14 of the complaint.

15. The City denies the allegation in paragraph 15 of the complaint, except that Johnson met with Chief Swindle and HR Manager, Rose Ray.

16. The City denies the allegations in paragraph 16 of the complaint.

17. The City denies the allegation in paragraph 17 of the complaint.

18. The City admits that Johnson took FMLA leave. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 of the complaint, which are denied.

19. The City admits that Johnson returned to work. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of the complaint, which are denied.

20. The City the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the complaint, which are denied.

21. The City admits that Johnson met with Ed Broussard, City Manager. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 of the complaint, which are denied.

22. The City admits that Johnson met with Renissa Wade, HR Director. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 of the complaint, which are denied.

23. The City the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the complaint, which are denied.

24. The City the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, which are denied.

25. The City admits that Johnson met with Renissa Wade, HR Director. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25 of the complaint, which are denied.

26. The City admits that Johnson met with Renissa Wade, HR Director, Assistant City Attorney Sharon Roberts, and Chief Swindle. Otherwise, the City lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 26 of the complaint, which are denied.

27.     The City admits that Johnson met with Renissa Wade, HR Director, Assistant City Attorney Sharon Roberts, and Chief Swindle. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 of the complaint, which are denied.

28.     The City denies the allegations in paragraph 28 of the complaint.

29.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations on page 29 of the complaint, which are denied.

30.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations on page 30 of the complaint, which are denied.

31.     The City denies the allegations in paragraph 31 of the complaint.

32.     The City denies the allegations in paragraph 32 of the complaint.

33.     The City denies the allegations in paragraph 33 of the complaint.

34.     The City denies the allegations in paragraph 34 of the complaint.

35.     The City denies the allegations in paragraph 35 of the complaint.

36.     The City denies the allegations in paragraph 36 of the complaint.

37.     The City denies the allegations in paragraph 37 of the complaint.

38.     The City denies the allegations in paragraph 38 of the complaint.

39.     The City denies the allegations in paragraph 39 of the complaint.

40. The City denies the allegations in paragraph 40 of the complaint.

41. The City denies the allegations in paragraph 41 of the complaint.

42. The City denies the allegations in paragraph 42 of the complaint.

43. The City denies the allegations in paragraph 43 of the complaint.

44. The City admits Johnson has requested a jury.

45. The City denies that Johnson entitled to the relief requested in the prayer portion of the complaint.

46. The City requests a trial by jury.

WHEREFORE, the City requests that Johnson take nothing by this action and requests an award of the general and special relief that the City is entitled to receive.

Respectfully submitted,

M. KEITH DOLLAHITE, P.C.
5457 Donnybrook Avenue
Tyler, Texas 75703
(903) 581-2110
(903) 581-2113 (Facsimile)
keith@mkdlaw.us

*/s/ Keith Dollahite*
By:_____
M. Keith Dollahite
State Bar No. 05958550

Attorney for Defendant, City of Tyler, Texas

## **CERTIFICATE OF SERVICE**

      This document was filed and served electronically in compliance with Local Rule CV-5(a), on February 28, 2017.

                              */s/ Keith Dollahite*
                              _____