IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRENDA JOHNSON | § | |
| | § | |
| VS. | § | CIVIL NO. 6:17-cv-143 |
| | § | |
| CITY OF TYLER, TEXAS | § | |

# DEFENDANT'S FIRST AMENDED ANSWER

Defendant, City of Tyler, Texas (the "City" or "Defendant"), files this *First Amended Answer* in response to the complaint of Plaintiff, Brenda Johnson ("Johnson"). The paragraphs below correspond to the same numbered paragraphs in Johnson's complaint.

1. The City admits the Court has jurisdiction.

2. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint.

3. The City admits the allegations in paragraph 3 of the complaint regarding the residency of Johnson.

4. The City denies the allegations in paragraph 4 of the complaint.

5. The City admits it is a governmental entity with an address of 212 South Bonner, Tyler, Texas.

6. The City admits the allegations in paragraph 6 of the complaint.

7. The City admits the allegations in paragraph 7 of the complaint.

8. The City admits the allegations in paragraph 8 of the complaint.

9. The City denies the allegation in paragraph 9 of the complaint, except that Johnson was employed by the City of Tyler from 1992 to 2016.

10. The City denies the allegation in paragraph 10 of the complaint, except that Johnson disclosed her lupus condition to her employer.

11. The City denies the allegation in paragraph 11 of the complaint, except that Johnson requested that she be allowed to work from home.

12. The City admits that Susan Guthrie was her key leader. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 of the complaint, which are denied.

13. The City denies the allegation in paragraph 13 of the complaint, except that Johnson received a new job assignment.

14. The City denies the allegation in paragraph 14 of the complaint.

15. The City denies the allegation in paragraph 15 of the complaint, except that Johnson met with Chief Swindle and HR Manager, Rose Ray.

16. The City denies the allegations in paragraph 16 of the complaint.

17. The City denies the allegation in paragraph 17 of the complaint.

18. The City admits that Johnson took FMLA leave. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 of the complaint, which are denied.

19. The City admits that Johnson returned to work. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of the complaint, which are denied.

20. The City the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the complaint, which are denied.

21. The City admits that Johnson met with Ed Broussard, City Manager. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 of the complaint, which are denied.

22. The City admits that Johnson met with ReNissa Wade, HR Director. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 of the complaint, which are denied.

23. The City the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the complaint, which are denied.

24. The City the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, which are denied.

25. The City admits that Johnson met with ReNissa Wade, HR Director. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25 of the complaint, which are denied.

26. The City admits that Johnson met with ReNissa Wade, HR Director, Assistant City Attorney Sharon Roberts, and Chief Swindle. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26 of the complaint, which are denied.

27. The City admits that Johnson met with ReNissa Wade, HR Director, Assistant City Attorney Sharon Roberts, and Chief Swindle. Otherwise, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 of the complaint, which are denied.

28. The City denies the allegations in paragraph 28 of the complaint.

29. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations on page 29 of the complaint, which are denied.

30. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations on page 30 of the complaint, which are denied.

31. The City denies the allegations in paragraph 31 of the complaint.

32. The City denies the allegations in paragraph 32 of the complaint.

33. The City denies the allegations in paragraph 33 of the complaint.

34. The City denies the allegations in paragraph 34 of the complaint.

35. The City denies the allegations in paragraph 35 of the complaint.

36. The City denies the allegations in paragraph 36 of the complaint.

37. The City denies the allegations in paragraph 37 of the complaint.

38. The City denies the allegations in paragraph 38 of the complaint.

39. The City denies the allegations in paragraph 39 of the complaint.

40. The City denies the allegations in paragraph 40 of the complaint.

41. The City denies the allegations in paragraph 41 of the complaint.

42. The City denies the allegations in paragraph 42 of the complaint.

43. The City denies the allegations in paragraph 43 of the complaint.

44. The City admits Johnson has requested a jury.

45. The City denies that Johnson entitled to the relief requested in the prayer portion of the complaint.

46. The City requests a trial by jury.

## DEFENDANT'S AFFIRMATIVE DEFENSES

AND NOW, for further answer, the City avers as follows:

### First Defense

Defendant reasonably accommodated Plaintiff by making modifications, adjustments and/or restructuring Plaintiff's job pursuant to her request(s) for same. Such reasonable accommodations included allowing her to have a flexible schedule and allowing her to work from home when needed.

### Second Defense

Defendant affirmatively asserts it made good faith efforts to comply with the ADA, as amended.

### Third Defense

Defendant had legitimate, non-discriminatory reasons for its actions.

### Fourth Defense

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her damages, if any.

### Fifth Defense

Plaintiff's claims are barred by the Eleventh Amendment as Defendant is an arm of the State of Texas and the Doctrine of Sovereign Immunity bars Plaintiff's claims in their entirety.

## PRAYER FOR RELIEF

For these reasons, Defendant the City, requests the Court enter a judgment that Plaintiff take nothing, dismiss Plaintiff's Complaint with prejudice, assess costs against Plaintiff, and award the City all other general and equitable relief to which the City may be entitled.

January 15, 2018                              Respectfully submitted,

                                              **Wilson, Robertson & Cornelius, P.C.**
                                              One American Center
                                              909 ESE Loop 323, Suite 400 [01]
                                              P.O. Box 7339
                                              Tyler, Texas 75711-7339
                                              Telephone:  (903) 509-5000
                                              Telecopier:  (903) 509-5091

                                              *By: /s/ Leigh C. Porter*
                                              LEIGH C. PORTER
                                              State Bar No. 24002786
                                              E-mail: lporter@wilsonlawfirm.com


## CERTIFICATE OF SERVICE

I hereby do certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 15th day of January, 2018.

                                              */s/ Leigh C. Porter*
                                              LEIGH C. PORTER